**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

CHARLES CARPENTER, SR.,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )       No. 4:22-cv-00601-JAR
                                   )
LOUIS DEJOY,                       )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Charles Carpenter, Sr. for

leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2).

Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1).

Additionally, for the reasons discussed below, the Court will direct the Clerk of Court to issue

process on defendant Louis DeJoy as to plaintiff's Rehabilitation Act claim. However, plaintiff's

claim under the Americans with Disabilities Act will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma

pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To

state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere

possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to the Americans with Disabilities Act of 1990 (ADA) and the Rehabilitation Act of 1973 (RA). (Docket No. 1 at 1-2). He names United States Postmaster General Louis DeJoy as defendant. (Docket No. 1 at 2). In the complaint, plaintiff asserts that he suffered harassment, retaliation, a failure to accommodate his disability, and termination of his employment. (Docket No. 1 at 4). More specifically, plaintiff

2

alleges that he was injured on the job, and that "management never came to the scene of the injury in a timely manner," yet "contested everything." (Docket No. 1 at 5). Due to his injury, he states that he was terminated from his employment. As such, he is seeking "compensation from [his] date of injury." (Docket No. 1 at 7).

Concerning his administrative remedies, plaintiff asserts that he has filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), and has received a Notice of Right-to-Sue Letter. (Docket No. 1 at 3). Attached to the complaint is a portion of a Final Agency Decision dated April 11, 2022. (Docket No. 1-2 at 1-2). The agency decision determined that "the evidence [did] not support a finding that the complainant was subjected to discrimination as alleged," and closed the complaint "with a finding of no discrimination." (Docket No. 1-2 at 2). The Final Agency Decision includes notice of plaintiff's right to file a civil action. (Docket No. 1-2 at 1). Also attached is a portion of a Notice of Final Action in plaintiff's case, dated March 9, 2022. (Docket No. 1-2 at 2-3). The Court has reviewed both these exhibits and will treat them as part of the pleadings.[1]

## Discussion

Plaintiff is a self-represented litigant who brings this civil action against Postmaster General DeJoy, alleging violations of the RA and the ADA. For the reasons discussed below, the Court will direct the Clerk of Court to issue process on defendant as to plaintiff's RA claim. However, plaintiff's claim under the ADA will be dismissed.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

3

**A. Rehabilitation Act Claim**

Congress enacted the RA as a comprehensive federal program, similar to the ADA, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006). By its terms, the RA applies specifically to alleged disability discrimination by the United States Postal Service. *See* 29 U.S.C. § 794(a).

In order to seek relief under the RA, a plaintiff must first exhaust his or her administrative remedies. *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (stating "that a plaintiff suing under the Rehabilitation Act must exhaust administrative remedies"). *See also McAlister v. Secretary of Health & Human Servs.*, 900 F.2d 157, 158 (8th Cir. 1990) ("Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer"); and *Gardner v. Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985) (explaining that the RA incorporated by reference provisions of Title VII of the Civil Rights Act of 1964, which require plaintiff to exhaust administrative remedies before filing a discrimination claim in court). The court must liberally construe an administrative charge for exhaustion purposes; however, a court will not invent a claim that was simply not made. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 635 (8th Cir. 2006).

4

Here, plaintiff alleges that he suffers from a disability that occurred during the course of his employment, and that his employer terminated him on the basis of this disability. The Court must accept plaintiff's allegations as true and make all reasonable inferences in his favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Furthermore, the Court notes that plaintiff's pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

With regard to exhaustion, plaintiff asserts that he has filed a charge of discrimination with the EEOC, and that he has received a right-to-sue letter. Attached to the complaint is part of a final agency decision, which appears to indicate that plaintiff filed a charge of discrimination, though his complaint was closed. This document also gives notice to plaintiff of his right to sue within either 90 or 180 days, depending on whether he appealed. Plaintiff filed this civil action on June 3, 2022, 53 days after the April 11, 2022 right-to-sue letter. For purposes of initial review, it thus appears that plaintiff has exhausted his administrative remedies. Therefore, the Clerk of Court will be directed to issue process on defendant as to plaintiff's claim under the RA.

**B. Americans with Disabilities Act Claim**

In this case, plaintiff appears to have been an employee of the United States Postal Service. The ADA, however, specifically excludes the United States from its definition of "employer." *See* 42 U.S.C. § 12111(5)(B) (providing that "[t]he term 'employer' does not include…the United States, a corporation wholly owned by the government of the United States, or an Indian tribe"). In other words, as a former federal employee, plaintiff is not allowed to recover separately under the ADA. *See Carroll v. Potter*, 163 Fed. Appx. 450, 450 (8th Cir. 2006) (agreeing with district court that plaintiff "could not file suit under the ADA to redress alleged discrimination during his tenure as a federal employee"); *Loos v. Napolitano*, 665 F.Supp.2d 1054, 1058 (D. Neb. 2009)

(stating that plaintiff's remedy for disability discrimination in her federal employment is the RA, and that claims under the ADA must be dismissed for failure to state a claim); *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (stating that the RA, not the ADA, "constitutes the exclusive remedy for a federal employee alleging disability-based discrimination"); and *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (stating that postal employee had no remedy for employment discrimination under ADA because she was a federal employee; rather, her claims had to be evaluated under the RA). Because plaintiff can only recover under the RA, the claim under the ADA must be dismissed.

### C. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case

progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on defendant Louis DeJoy, Postmaster General of the United States Postal Service, 475 L'Enfant Plaza SW, Washington, D.C. 20260-3100, as to plaintiff's claim under the Rehabilitation Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Merrick Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001, as to plaintiff's claim under the Rehabilitation Act.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on Sayler A. Fleming, United States Attorney, Thomas F. Eagleton Courthouse, 111 South 10th Street – Room 20.333, St. Louis, MO 63102, as to plaintiff's claim under the Rehabilitation Act.

**IT IS FURTHER ORDERED** that plaintiff's claim under the Americans with Disabilities Act is **DISMISSED** without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would

not be taken in good faith.

Dated this ___8th___ day of ___August___, 2022.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

8