**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CHARLES CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )　　　No. 4:22-cv-00601-JAR |
| | ) |
| LOUIS DEJOY, POSTMASTER GENERAL, | ) |
| UNITED STATES POSTAL SERVICE | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on two motions: (1) Defendant Louis DeJoy's motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) [ECF No. 14]; and (2) Plaintiff Charles Carpenter's second motion for appointment of counsel [ECF No. 20]. For the reasons stated below, Defendant's motion to dismiss will be granted in part and denied in part, and Plaintiff's motion for appointment of counsel will be denied.

**Background**

Plaintiff filed this pro se employment discrimination action on June 3, 2022. ECF No. 1. In his Complaint, Plaintiff raised claims of employment discrimination under the Americans with Disabilities Act of 1990 ("ADA")[1] and the Rehabilitation Act of 1973 stemming from his termination from the United States Postal Service ("USPS"). Plaintiff alleges that his lawsuit involves his termination, failure to accommodate his disability, retaliation, and harassment. Plaintiff specifically alleges that he was "terminated after [he was] injured on the job" and

---

[1] The Court has already dismissed without prejudice Plaintiff's claims raised under the ADA as the United States is exempt from the ADA's definition of "employer." ECF Nos. 5 and 6.

"management never came to the scene of injury in a timely manner . . . yet contested everything."  He also alleges that he was denied Covid pay to "keep [him] financially crippled."  ECF No. 1.

On November 14, 2022, Defendant DeJoy filed a motion to dismiss and an accompanying memorandum in support.  ECF Nos. 14 and 15.  Defendant argues that Plaintiff has alleged two claims, one related to his termination and another related to Defendant's failure to provide Plaintiff with Covid pay.  *See* ECF No. 15 at 11–12.  Defendant argues that Plaintiff has failed to exhaust his administrative remedies related to his termination claim because Plaintiff's Agency EEO complaint, Case No. 4J-630-0148-21, is ongoing.  According to Defendant, Plaintiff's appeal of the USPS's EEO decision, Appeal No. 2022002985, is still pending at the EEOC.  ECF No. 15 at 11 (citing ECF No. 15-5 ¶¶ 20-21).  Plaintiff admits that his EEOC appeal is ongoing.  *See* ECF No. 16 ("There's even an Open [sic] EEOC [complaint] that hasn't been judged on. . . .").  Defendant argues that Plaintiff's failure to exhaust precludes the Court from exercising jurisdiction over Plaintiff's claims relating to his termination of employment.  ECF No. 15 at 11.

Defendant argues that Plaintiff's second claim related to Defendant's denial of Covid pay to Plaintiff should be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Defendant argues that Plaintiff's Complaint lacks any specificity that would raise disability discrimination claims under the Rehabilitation Act via Plaintiff's alternative theories of liability, i.e., failure to accommodate his disability, retaliation, and harassment.  ECF No. 15 at 12–15.

Plaintiff's response to Defendant's motion to dismiss does not address the arguments raised in Defendant's motion.  ECF No. 16.  Defendant filed a short reply in support of its motion.  ECF No. 17.  Plaintiff has also filed some documents with the Court, though he does not

explain how they relate to his claims.  ECF Nos. 18–19.

## Discussion

### A.      Failure to Exhaust

To raise a claim under the Rehabilitation Act, a plaintiff must first exhaust his or her

administrative remedies.  *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (citing *Gardner v.*

*Morris*, 752 F.2d 1271, 1278 (8th Cir. 1985)); *see also McAlister v. Sec'y of Health & Human*

*Servs.*, 900 F.2d 157, 158 (8th Cir. 1990) ("Administrative remedies must be exhausted before a

federal employee may bring an employment discrimination claim against a federal employer.").

Here, Defendant has established that Plaintiff has failed to exhaust his administrative remedies

related to his claim for wrongful termination.  ECF No. 15-5 at ¶ 20 ("To date, no decision has

been issued by the EEOC office of Federal Operations in Plaintiff's Appeal . . . and his

complaint remains active.")  Plaintiff admits that his EEOC claim remains open.  ECF No. 16.

The Court will therefore dismiss without prejudice Plaintiff's wrongful termination claim for his

failure to exhaust his administrative remedies.

### B.      Failure to State a Claim

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

the complaint.  A complaint must be dismissed for failure to state a claim when it does not plead

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007).  Pleadings must include sufficient factual information to provide

notice and the grounds on which the claim rests and "to raise a right to relief above a speculative

level." *Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir.

2008).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted).  On a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).  The Court holds pro se complaints to a less stringent standard than formal pleadings drafted by attorneys.  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014).

Here, Plaintiff's Complaint lacks the specificity required to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Plaintiff states that he was denied Covid pay but fails to plead sufficient factual information to raise a claim under theories of failure to accommodate his disability, retaliation, or harassment.  Plaintiff is required to plead additional factual information so that Defendant is provided sufficient notice on which his claim rests, and Plaintiff has failed to plead enough information to do so.  *See Twombly*, 550 U.S. at 555.  However, giving Plaintiff the benefit of the doubt, the Court will not dismiss Plaintiff's claim.  Instead, the Court will permit Plaintiff to file an amended complaint that pleads his claims with more particularity.

### C.   Plaintiff's Motion for Appointment of Counsel

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to

investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant

to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

In reviewing these factors, the Court finds that the appointment of counsel is not

warranted at this time.  At this time, Plaintiff has demonstrated that he can adequately present his

claims to the Court.  Additionally, neither the factual nor legal issues in this case appear

complex.  The Court will entertain future motions for appointment of counsel as the case

progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED in part**

and **DENIED in part**.  ECF No. 14.  Plaintiff Charles Carpenter's Rehabilitation Act claim

related to his alleged wrongful termination is **DISMISSED without prejudice** for failure to

exhaust administrative remedies.

**IT IS FURTHER ORDERED** that, **within twenty-one (21) days** of this Order, up to

and including **August 18, 2023**, Plaintiff shall submit an amended complaint that pleads with

greater particularity his claim related to denial of Covid pay.  Failure to comply with this order

risks dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel is

**DENIED** at this time.  ECF No. 20.  The clerk of court is hereby ordered to mail a copy of this

Order to Plaintiff's address of record.


Dated this 28th day of July, 2023.


_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE