# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CHARLES CARPENTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-cv-00601-JAR |
| ) | |
| LOUIS DEJOY, POSTMASTER GENERAL, ) | |
| UNITED STATES POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the Motion for Summary Judgment filed by Defendant Louis DeJoy, Postmaster General of the United States Postal Service ("USPS") on June 3, 2024. ECF No. 47.  Plaintiff Charles Carpenter filed materials with the Court on June 20, 2024, in response to Defendant's motion.  ECF No. 50.  After reviewing Plaintiff's materials and finding that they did not appear directly responsive to Defendant's motion, the Court ordered that Plaintiff could have additional time to respond to Defendant's Motion.  ECF No. 51.  The Court further instructed Plaintiff to ensure his response conformed to the Federal Rules of Civil Procedure and the Court's Local Rules.  On July 15, 2024, Plaintiff filed some additional materials as his response.  ECF No. 52.  On August 2, 2024, Defendant filed a Reply.  ECF No. 55.  Defendant's Motion is now fully briefed and ripe for disposition.  For the reasons set forth below, the Court will grant summary judgment in favor of Defendant.

### Background

**The Complaint**

Plaintiff filed his pro se Complaint on June 3, 2022.  ECF No. 1.  Plaintiff's Complaint was submitted on the Court's Employment Discrimination Complaint Form.  In the Complaint,

Plaintiff alleges violations of the American with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  Plaintiff challenged his termination from the USPS and also alleged that the USPS failed to accommodate his disability, harassed him and retaliated against him.  Plaintiff also alleged that Defendant discriminated against him on the basis of his race and his disability.  Plaintiff further alleged that he was terminated after being injured on the job and that Defendant failed to provide him with "Covid-pay."  Plaintiff asked for compensatory damages in the form of backpay.  Attached to the Complaint was a partial copy of two right to sue letters issued by the United States Equal Employment Opportunity Commission ("EEOC"), one dated March 9, 2022, and one dated April 11, 2022.  ECF No. 1-2.

After the Court's initial review of the Complaint under 28 U.S.C. § 1915(e)(2), the Court dismissed Plaintiff's ADA claim but permitted the RA claim to move forward.  ECF Nos. 5 and 6.  Defendant then filed a Motion to Dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) or for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ECF No. 14.  The Court granted in part and denied in part the Motion to Dismiss.  ECF No. 21.  While the Court granted Defendant's Motion to Dismiss the RA claim, it also permitted Plaintiff another opportunity to file an amended complaint pleading his claims with greater particularity.

On September 7, 2023, Plaintiff filed an Amended Complaint.[1]  ECF No. 29.  In the Amended Complaint, Plaintiff alleges violations of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the ADA.  He further alleges that "[he] was

---

[1]   On August 16, 2023, Plaintiff submitted an Amended Complaint on the Court's Civil Complaint Form.  ECF No. 22.  Defendant moved to dismiss that Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ECF No. 23.  The Court then ordered that Plaintiff, if he so chose, could file an additional amended complaint on the Court's Employment Discrimination Complaint Form.  ECF No. 27.  Plaintiff then filed his Amended Complaint on the Employment Discrimination Complaint Form, ECF No. 29, which is the operative Complaint in this matter.

2

terminated with an approved OWCP [Office of Workers' Compensation Programs] case open, plus [he] didn't have proper representation, also [he] was fired on assumption not actual facts." *Id.* at 2.  Plaintiff challenges his termination of employment, the failure to accommodate his disability, the terms and conditions of his employment, and Defendant's alleged retaliation and harassment.  Plaintiff further alleges that the discrimination occurred on account of his race, disability, and age.  He requests that he be reinstated, that he be provided accommodation for his alleged disability, back pay from the date of his injury on November 25, 2019, and that Defendant pay all of his medical bills.

**Relevant Facts**

Generally, on a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party.  *See Emerald Pointe, LLC v. Taney Cnty.*, 78 F.4th 428, 432 (8th Cir. 2023).  But here, Plaintiff failed to respond to the Defendant's Statements of Uncontroverted Material Facts ("SUMF") as required by Local Rule 4.01(E):

> Every memorandum in opposition [to a motion for summary judgment] must be accompanied by a document titled Response to Statement of Material Facts, which must be separately filed using the filing event "Response to Statement of Material Facts."  The Response must set forth each relevant fact as to which the party contends a genuine issue exists.  The facts in dispute shall be set forth with specific citation(s) to the record, where available, upon which the opposing party relies.  The opposing party also shall note for all disputed facts the paragraph number from the moving party's Statement of Uncontroverted Material Facts.

The penalty for failing to follow the rule is clear: "All matters set forth in the moving party's Statement of Uncontroverted Material Facts shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party."  *Id.*

The facts included in Defendant's Statement of Uncontroverted Material Facts ("SUMF") are deemed admitted because Plaintiff has not filed a response to Defendant's SUMF and has otherwise not specifically controverted the facts contained therein.  Plaintiff's initial response to

3

Defendant's Motion for Summary Judgment (ECF No. 50) does not include a response to Defendant's Statement of Uncontroverted Material Facts, nor does it include a SUMF of its own, legal arguments, or direct responses to Defendant's arguments.  The Court provided Plaintiff with an additional opportunity to respond in accordance with the Court's Local Rules and the Federal Rules of Procedure.  ECF No. 51.  Even so, Plaintiff's additional submitted materials do not include a response to Defendant's SUMF or a SUMF of his own.  Without a proper response, the Local Rules dictate that the Court must accept as true the facts presented by Defendant in his SUMF.  Local Rule 4.01(E); *see also Whitt v. City of St. Louis*, No. 4:18-cv-1294, 2021 WL 2805286, at *2 (E.D. Mo. July 6, 2021) (collecting cases).

Plaintiff worked as a mail carrier for the USPS from April 2017 until he was terminated on June 23, 2021.  Per the USPS job description, a city mail carrier's functional purpose is to deliver and collect mail on foot or by vehicle under varying road and weather conditions in a prescribed area.  The job description further states that a city mail carrier's duties and responsibilities include "[d]eliver[ing] mail along a prescribed route, on foot or by vehicle, on a regulator schedule, picking up additional mail from relay boxes as needed. . . . [and d]eposit[ing] mail collected on the route upon returning from the route."  ECF No. 49-3.

Generally, USPS requires all employees report for duty.  Under the USPS Employee and Labor Relations Manual ("ELM"), Issue 46, Section 513.363, "Employees who are on sick leave for extended periods are required to submit at appropriate intervals, *but not more frequently than once every 30 days*, satisfactory evidence of continued incapacity for work . . . unless some responsible supervisor has knowledge of the employee's continuing situation."  ECF No. 49-5 at 17 (emphasis in original).  Section 513.364 of ELM issue 46 further states that:

> When employees are required to submit medical documentation, such documentation should be furnished by the employee's attending physician or other

4

> attending practitioner who is performing within the scope of his or her practice. The documentation should provide an explanation of the nature of the employee's illness or injury sufficient to indicate to management that the employee was (or will be) unable to perform his or her normal duties for the period of absence. Normally, medical statements such as "under my care" or "received treatment" are not acceptable evidence of incapacitation to perform duties.

*Id.* Section 513.365 provides that "[i]f acceptable substantiation of incapacitation is not furnished, the absence may be charged to annual leave, LWOP, or AWOL." *Id.* at 18.

Plaintiff sustained a work injury on November 25, 2019. Plaintiff describes his disability as plantar fasciitis and damage to the spine. ECF No. 49-2 at 5. After his injury, Plaintiff never returned to work at USPS. Plaintiff never requested a reasonable accommodation in his employment relating to his alleged disabilities. Plaintiff testified that he did not recall ever submitting to USPS management documentation from his chiropractor that stated whether he had work restrictions and, if so, what those restrictions were. Plaintiff also cannot recall if he requested to work light duty or limited duty.

On March 5, 2020, the United States Department of Labor ("DOL") sent Carpenter a Notice of Decision informing him that his claim for compensation was denied "because the factual component of the third basic element, Fact of Injury, has not been met." ECF No. 49-8 at 2.

On March 13, 2020, USPS Manager Joseph Juntti sent Plaintiff a Required Certification of Absence stating that Plaintiff had been absent from duty from November 26, 2019, to the present and that the office had not received the required notification or acceptable documentation of his absence. The Required Notification of Absence also instructed Plaintiff to complete a Form 3971 covering the full period of his absence and to return the form, along with medical documentation that provide an explanation of the nature of his injury sufficient to show that he was unable to perform his duties during the entire period of his absence. It also warned Plaintiff

5

that if he failed to submit the required documentation, his absence would be charged as AWOL and disciplinary action could be taken against him, including removal from the USPS.  Plaintiff did not complete the Form 3971 and return it to Manager Juntti as directed, nor did Plaintiff submit any documentation from a medical provider that contained an explanation of the nature of his injury sufficient to show that he was unable to perform his duties during the entire period of his absence.

On July 10, 2020, USPS Supervisor Amber Williams sent Plaintiff a Request for Certification of Absence stating that the office had not received the required notification or acceptable documentation of his absence.  The letter further instructed Plaintiff to complete and return a Form 3971 along with medical documentation providing an explanation of the nature of his injury sufficient to show that he was unable to perform his duties during the entire period of his absence.

On July 23, 2020, Plaintiff's chiropractor wrote a note about Plaintiff's inability to work, and Plaintiff provided this note to USPS Supervisor Dawn Frentzel.  Plaintiff was asked whether the note stated how long he would be expected to be unable to perform his work duties, Plaintiff responded that he couldn't "make out what's in" the note.  ECF No. 49-1 at 105:20–23.  Supervisor Frenztel deemed this note to not be "suitable documentation for [Plaintiff's] claim."  ECF No. 49-11 at 2.  Supervisor Frentzel is not aware of Plaintiff submitting documentation stating any restrictions he had related to his injury.

On September 25, 2020, USPS Supervisor Darryn Keys sent Plaintiff a Certificate of Absence and notice of Pre-Disciplinary Interview.  The Certificate of Absence states that Supervisor Keys' office had not received acceptable documentation of Plaintiff's absence and instructed Plaintiff to complete a Form 3971 covering the full period of his absence and to return

6

the form, along with medical documentation that provided an explanation of the nature of his injury sufficient to show that he was unable to perform his duties during the entire period of his absence. It also stated that if Plaintiff failed to submit the required documentation, his absence would be charged as AWOL and disciplinary action could be taken against him, including removal from the USPS.

On October 10, 2020, Supervisor Keys sent Plaintiff an Absent Without Leave (AWOL) – 1st Notice, which stated that Supervisor Keys' office had not received acceptable documentation of Plaintiff's absence and that Plaintiff was in an AWOL status. This Notice instructed Plaintiff regarding his responsibility to report his absence and substantiate the reason for his absence with acceptable documentation. The Notice again instructed Plaintiff that if he failed to submit a satisfactory reply and acceptable medical certification within the time limitations outlined in the letter, disciplinary action could be taken against him, including removal from the USPS.

On October 28, 2020, Supervisor Keys sent Plaintiff an Absent Without Leave (AWOL) – 2nd & Final Notice and notice of Pre-Disciplinary Interview. This October 28 Notice stated that Supervisor Keys' office had not received acceptable documentation of Plaintiff's absence and that Plaintiff was in an AWOL status. It further instructed Plaintiff of his responsibility to report his absence with acceptable documentation substantiating the reasons for his absence. The Notice stated that if Plaintiff failed to submit a satisfactory reply and acceptable medical certification within the time limitations outlined in the letter, disciplinary action could be taken against him, including removal from the USPS.

Supervisor Keys never received medical documentation from Plaintiff. In his EEO Affidavit, Supervisor Keys stated that he was not aware that Plaintiff suffered from any medical

conditions or impairments.  Supervisor Keys charged Plaintiff as AWOL because Plaintiff was not coming to work and failed to provide documentation excusing his absence.

On December 4, 2020, Supervisor Keys sent Plaintiff a Notice of Removal stating that Plaintiff would be removed from the USPS for being AWOL from August 1, 2020, until December 4, 2020.  The Notice of Removal stated that the AWOL notices sent to Plaintiff were successfully delivered.  The Notice of Removal further stated that Plaintiff's AWOL status was a violation of Plaintiff's duties and responsibilities as a USPS employee and violated the Gateway District's Attendance and Tardiness Policy, which requires employees to regularly attend work and avoid unscheduled absences.  Prior to Plaintiff's removal, Plaintiff did not submit documentation signed by his attending physician or practitioner explaining the nature and duration of his illness or injury sufficient to indicate that Plaintiff was unable to perform his job duties during the entire period of his absence.

Plaintiff contested his removal through his union.  On June 23, 2021, the arbitrator of Plaintiff's dispute with the USPS denied Plaintiff's grievance, found that the USPS met its burden to show that Plaintiff engaged in the misconduct outlined in the Notice of Removal, and found that the USPS met the just-cause requirement needed to remove Plaintiff under the terms of the National Agreement.

On June 25, 2021, Plaintiff contacted the USPS EEO Office and alleged discrimination based on physical disability in the form of his removal.  In a letter dated July 26, 2021, the EEO ADR Specialist informed Plaintiff that an inquiry was conducted into Plaintiff's allegations of discrimination when he was issued a Notice of Removal.  The July 26 letter also informed Plaintiff that he could elect to file a formal complaint given that his counseling request remained unresolved.

In August 2021, Plaintiff filed a formal EEO complaint against the USPS alleging disability discrimination based on his removal. On the EEO Complaint of Discrimination in the Postal Service, Plaintiff selected "Disability" as the type of discrimination that he was alleging. On August 25, 2021, EEO Services Analyst Robin Minall acknowledged receipt of Plaintiff's formal EEO Complaint and stated the specific issue of Plaintiff's complaint as follows: "You alleged you were subjected to discrimination based on Physical Disability (To Be Specified) when: 1) On June 23, 2021, you were terminated from the Postal Service." ECF No. 49-17 at 1 (footnotes omitted). The letter informed Plaintiff that if he did not agree with the defined issues of the investigation, he "must provide a written response specifying the nature of [his] disagreement within seven (7) calendar days of receipt of th[e] letter . . . ." *Id.*

When asked to identify any USPS employees that were treated more favorably than he was, Plaintiff wrote "N/A." ECF No. 49-13 at 10. When asked why he believed his medical impairment status was a factor in his termination, Plaintiff responded he believed that was so because "[t]hat was the reason for me being out." *Id.*

On April 11, 2022, the USPS EEO Office issued a Final Agency Decision in 4J-630-0148-21 concluding that the evidence did not support a finding that Plaintiff was subjected to disability discrimination when he was removed from the USPS.

**Defendant's Motion for Summary Judgment**

Defendant argues that summary judgment should be granted in his favor for two primary reasons. First, Defendant claims that Plaintiff failed to exhaust his administrative remedies related to his race and age discrimination claims and as to his retaliation claim. Specifically, Defendant argues that when Plaintiff was terminated and filed his EEO complaint, he selected only disability as the basis for his claim of discrimination. According to Defendants, Plaintiff is

9

required to separately exhaust his administrative remedies as to each of his claims of discrimination and as to his retaliation claim, but he has failed to do so.  As a result, Defendant argues that Plaintiff has only exhausted his administrative remedies as to his disability discrimination claim, and therefore the Court should grant summary judgment in Defendant's favor on all Plaintiff's other claims for failure to exhaust.

Second, Defendant contends that Plaintiff's claims of discrimination based on his disability fail under both the ADA and the RA.  Defendant argues that the ADA, at least as to claim of employment discrimination, does not apply to the federal government.  Defendant also asserts that Plaintiff's claim under the RA must fail because Plaintiff has not shown that he requested an accommodation for his disability, as is required by the RA.  Defendant separately argues that Plaintiff's RA claim must fail because (1) he is not a "qualified individual" under the RA because he has failed to show that he can perform the essential functions of his job as a carrier; (2) Defendant had a legitimate, non-discriminatory reason for removing Plaintiff when he failed to return to work after his injury; and (3) Plaintiff has failed to show pretext for his removal because he has failed to show that the supervisor responsible for his removal knew of his impairment or that any other similarly situated USPS employees were treated more favorably than him.

Plaintiff has submitted materials on his behalf but has failed to directly address the arguments raised by Defendant in the Motion for Summary Judgment.  Plaintiff's various submissions include medical records, billing records, prescription records, statements written by union representatives, partial documents from his previous dispute with USPS, USPS grievance forms, letters from the DOL, and other documents, many of which appear to be only portions of larger documents or simply Plaintiff's personal notes.  Plaintiff has failed to explain the context

for many of these documents and has further failed to explain how these documents support his claims of age, race, or disability discrimination.

Defendant submitted a Reply in which he emphasizes Plaintiff's failure to carry his burden to come forward with evidence to defeat Defendant's Motion. Defendant also asserts that the arguments that Plaintiff does raise are not relevant to his claims and fail to respond to Defendant's Motion.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden of demonstrating there are no genuine issues of material fact rests on the moving party, and [the Court] review[s] the evidence and the inferences which reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Allard v. Baldwin*, 779 F.3d 768, 771 (8th Cir. 2015) (citation omitted). To withstand a motion for summary judgment, the nonmovant has the "burden of presenting evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in their favor." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). The nonmovant, however, "must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (internal quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted). "The movant is entitled to

11

judgment as a matter of law 'when the plaintiff has failed to make a sufficient showing of the existence of an essential element of [his] case.'" *Whitworth v. Kling*, 90 F.4th 1215, 1218 (8th Cir. 2024) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1074 (8th Cir. 1996)).

**Discussion**

In reviewing Plaintiff's Amended Complaint (ECF No. 29), the Court finds that Plaintiff has raised the following claims: (1) a claim of employment discrimination based on race under Title VII of the Civil Rights Act; (2) a claim of age discrimination under the Age Discrimination in Employment Act; (3) a claim of disability discrimination under the ADA; and (4) a claim of disability discrimination in employment for failure to accommodate under the RA.[2]  The Court will first address whether Plaintiff has exhausted his administrative remedies regarding his race and age discrimination claims.  The Court will then briefly discuss Plaintiff's ADA claim before finally addressing whether Plaintiff has properly supported his RA failure to accommodate claim.

**A.      Plaintiff's Race and Age Discrimination Claims**

"Both Title VII and the ADEA require that an employee complaining of discrimination follow administrative procedures before filing a lawsuit in federal court." *Kirklin v. Joshen Paper & Packaging of Ark. Co.*, 911 F.3d 530, 534 (8th Cir. 2018) (citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (Title VII)) and *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) (ADEA)).  Both Title VII and the ADEA require a plaintiff raising claims against the USPS to first file a charge of discrimination with the USPS EEO office or the

---

[2]      Though Plaintiff did not check the box on his Amended Complaint indicating that he was raising a claim under the RA (ECF No. 29 at 2), the Court finds that, nevertheless, the Amended Complaint alleges a violation of the RA when Defendant failed to accommodate Plaintiff's disability. *See id.* at 5 ("[T]here was no accommodation for my injury[.]  They terminated me.").

EEOC within 180 days of an allegedly unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1)(A).  "A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC."  *Williams*, 21 F.3d at 222 (citations omitted).  A complaint with the EEOC "must provide information that would give the employer notice of the subject matter of the charge and identify generally the basis for a claim."  *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 899 (8th Cir. 2024) (citing *Fair v. Norris*, 480 F.3d 865, 866 n.2 (8th Cir. 2007)).  The defendant raising the affirmative defense of failure to exhaust administrative remedies has the burden to prove that the plaintiff did not exhaust his administrative remedies.  *Kirklin*, 911 F.4th at 534 (citing *Miles v. Bellfontaine Habilitation Ctr.*, 481 F.3d 1106, 1107 (8th Cir. 2007)).

It is undisputed that, following his removal from the USPS, Plaintiff filed a formal complaint with the USPS EEO office alleging disability discrimination but not specifically alleging either race or age discrimination.  ECF No. 49-19.  In the area on the EEO Complaint Form that asked Plaintiff to indicate the type of discrimination he alleged, Plaintiff checked only the "Disability" box and not the Race or Age boxes.  *Id.*  Plaintiff's EEO Complaint never mentions Plaintiff's age or race and no other allegations in that Complaint indicate that Plaintiff was pursuing a claim of discrimination based on his age or race.  *Id.*  When the EEO Services Analyst informed Plaintiff that the specific issue being investigated in his EEO Complaint was whether he was discriminated against because of his physical disability and informed Plaintiff he must provide a written response if he did not agree with that defined issue, Plaintiff never provided a written response.

13

The Court agrees with Defendant that a race and/or an age discrimination claim is not "like or reasonably related" to a claim of disability discrimination such that Plaintiff failed to raise such claims in his EEO Complaint. Plaintiff's failure to raise issues related to race and age discrimination in his EEO Complaint means that Plaintiff has failed to exhaust his administrative remedies as to those claims. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796 (8th Cir. 2011) (affirming dismissal of plaintiff's age and retaliation claims for failure to exhaust when plaintiff's EEO Complaint only mentioned discrimination based on race and sex and the boxes for age and retaliation claims were not checked). Therefore, the Court will grant summary judgment in favor of Defendant as to Plaintiff's Title VII and ADEA claims.

### B.   Plaintiff's ADA Claim

The Court previously dismissed Plaintiff's ADA claim because the USPS, as a United States federal entity, is not an "employer" under the ADA. ECF No. 5; *see also* 42 U.S.C. § 12111(5)(B) ("The term 'employer' does not include-- (i) the United States [or] a corporation wholly owned by the government of the United States . . . ."). For this reason, Plaintiff cannot maintain an action against the USPS under the ADA. The Court will therefore grant summary judgment in favor of Defendant on Plaintiff's ADA claim.

### C.   Plaintiff's Rehabilitation Act Claim

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability . . . be subjected to discrimination . . . under any program or activity conducted . . . by the United States Postal Service." 29 U.S.C. § 794(a). Here, Plaintiff's Amended Complaint specifically alleges the Defendant failed to accommodate Plaintiff's disability. Under the RA and its regulations, discrimination occurs if "a covered entity [does] not make reasonable accommodation to the

14

known physical or mental limitations of an otherwise qualified applicant or employee with a disability . . . ." 29 C.F.R. § 1630.9(a); *see also Peebles v. Potter*, 354 F.3d 761, 766 (8th Cir. 2004). But an employer's duty to provide reasonable accommodations is not triggered until the employee requests an accommodation. *Kowitz v. Trinity Health*, 839 F.3d 742, 746 (8th Cir. 2016) ("The employee is responsible for initiating the process by making his employer aware of the need for an accommodation.") (cleaned up). "The employee must provide relevant details of [his] disability and, if not obvious, the reason that [his] disability requires an accommodation so that the employer can identify and propose potential options, but [he] need not use technical language to make the request or suggest what accommodation might be appropriate." *Id.* (citation and internal quotation marks omitted).

Here, Plaintiff has not shown that he requested an accommodation from Defendant nor that he provided sufficient details regarding his disability that would make his employer aware of his need for an accommodation. Plaintiff's Manager, Joseph Juntti, stated in a sworn affidavit that Plaintiff never requested an accommodation. ECF No. 49-7. In answer to Plaintiff's Interrogatory as to whether Defendant ever provided Plaintiff with accommodations when he was out for his injury, Defendant responded: "Yes, the Plaintiff was provided extended leave. Beyond that, the Plaintiff did not provide management with sufficient documentation of his absences and did not request a reasonable accommodation." ECF No. 49-6 at 5–6. USPS personnel knew of Plaintiff's on-the-job injury and that Plaintiff never attended work again after the injury, but there is no evidence that Plaintiff provided details about the nature of his injury. Plaintiff was asked several times to submit documentation that would indicate the extent and nature of his injury and how that would affect his ability to perform his duties as a mail carrier. In response, over eight (8) months after his injury, Plaintiff submitted a note from his

15

chiropractor that simply stated that Plaintiff was unable to return to work due to lower back pain related to a work-related injury. While Plaintiff has submitted portions of some of his medical records and billing records, Plaintiff has not come forth with evidence that these materials were ever submitted to his supervisors at USPS so that they could assess his injury and his potential need for an accommodation.

On this record, the Court finds that Plaintiff failed to request a reasonable accommodation for his disability or to provide USPS with sufficient information about the nature of his disability that would have indicated the need for an accommodation. Therefore, Plaintiff's claim for a violation of the RA for failure to accommodate must fail. The Court will thus grant summary judgment in favor of Defendant as to Plaintiff's RA claim.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Louis DeJoy's Motion for Summary Judgment is **GRANTED**.

A separate judgment will accompany this order.

Dated this 13th day of August, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE